United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 29, 2005**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

---

m 04-61084
Summary Calendar

---

SAIYAD ALI MAKNOJIA,

Petitioner,

VERSUS

ALBERTO R. GONZALES,
UNITED STATES ATTORNEY GENERAL,

Respondent.

---

Petition for Review of an Order of
the Board of Immigration Appeals
m A78 567 271

---

Before SMITH, GARZA, and PRADO,
Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published
(continued...)

Saiyad Maknojia petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the denial by an immigration judge ("IJ") of his application for withholding

---

*(...continued)
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

of removal under § 241(b)(3)(A) of the Immigration and Nationality Act and Article 3 of the Convention Against Torture ("CAT").[1] Because the BIA's decisions on both counts are supported by substantial evidence, we affirm.[2]

Maknojia bears the burden of proving by a "clear probability"[3] that it is more likely than not that, if returned to his home country of India, "[his] life or freedom would be threatened . . . because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)-(3)(A). The IJ had substantial evidence, *see Chun v. INS*, 40 F.3d 76, 78-79 (5th Cir. 1994), that Maknojia failed to meet this burden.

Although Maknojia alleged that on several occasions he and his family had faced persecution on account of being Muslims living in a predominantly Hindu country, he did not show that such persecution would likely occur upon his return. Furthermore, the IJ noted that approximately 120,000,000 Muslims live in India, and Maknojia did not satisfactorily explain why he could not relocate to a predominantly Muslim area in India to be free from religious reprisals.[4]

Likewise, Maknojia has not proven that it is more likely than not that he would be tortured if returned to India. *See* 8 C.F.R. § 208.16-(c)(2). Under the CAT, he need not demonstrate a connection between the probability of future torture and his race, religion, nationality, or political or social affiliation. *Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002). But, he must meet the "higher bar" of proving the likelihood of torture as opposed to mere persecution. *Id.* Because his evidence consists mainly of the same series of previous unfortunate events used to support his persecution claim, the BIA did not err in finding that he failed to meet his burden of proving that he will probably face torture if returned to India.

The petition for review is DENIED.

---

[1] Because the BIA affirmed without extended analysis, we may consider the IJ's decision as the final agency action for purposes of this petition for review. *Zhang v. Gonzales*, 2005 U.S. App. LEXIS 26147, at *5 (5th Cir. Dec. 1, 2005).

[2] Maknojia does not allege extraordinary or changed circumstances that would excuse his failure to file an application for asylum within one year of his arrival in the United States, and we lack jurisdiction to review the IJ's determination of untimeliness. 8 U.S.C. § 1158(a)(3). Therefore, only withholding of removal is at issue.

[3] *IRS v. Stevic*, 467 U.S. 407, 413 (1984).

[4] The IJ supported his holding by finding that Maknojia's wife, parents, and brother apparently live in India.